Smith, J.
Our conclusions in this case briefly stated, are these:
1st. That the assignment made by McNearny & Davis, the principal contractors with the City of Hamilton, to Willard Smyers, of their claim against the city, or of a part of it, which was offered in evidence, and relied on by him as giving him a right against the city for the amount so assigned, superior to the rights of other sub-contractors, who after this took out liens for the amounts due to them respectively, did not have the effect claimed for it. There is no law that we know of that provides for anything of this kind,and in our judgment it would be opposed to the whole' spirit of our mechanic’s lien statutes. " If after such assignment ■ was made, the assignee gave notice thereof to the city, as seems to have been done, and the city afterwards improperly paid the amount, or any part of it, to persons who had no right to it as'against the assignee, the city would be liable to the assignee for such improper payment. But in our view7, such assignment and notice did not prevent the city from properly paying the amount due to the other sub-contractors who took valid liens after this assignment, before paying anything to Smyers. Their rights to the fund thus became superior to his, under his assignment.
2nd. We are further of the opinion that on the facts disclosed, Smyers was not authorized to takeout a sub-contract- or’s lien as he attempted to do, and thereby did not acquire any lien on the amount due-from the city to the principal *184 contractors. If, as the evidence tends strongly to show, Smyers simply advanced money to the contractors to pay the workmen employed by them, he simply had a claim against them, and he himself can in no sense be considered a sub-contractor, and therefore was not entitled to any lien. Or if it be considered that his payment of the hands operated to transfer their claims to him, (for there was in fact no assignment thereof made by the laborers to him), still we think he would not be entitled to take out a valid lien therefor. The statutes on the subject, Sec. 2193 and post, give to subcontractors, or those who furnish labor or materials for the work, the personal right to take such a lien, but there is nothing in the statute which seems to authorize the assignee of such a claim to do so — and particularly would it seem that it could not be done in a case like this, where the amount claimed was paid to a great many laborers, each of course working under a separate and distinct contract, and having separate and distinct claims. How could all of these separate and distinct contracts be set out in one claim asserted by the assignee therefor as required by Sec. 3193. It has not been done in this case — and we think it was not the purpose of the law, to allow a lien to be taken by a mere assignee of a claim. The result of this is, that tbe other lien holders have priority over Smyers, and the claims of the creditors represented by Mr. Wesco, who as assignees of divers persons attempted to file and assert a lien on the fund.
We are unable to see how we can in this case, as. we are asked to do, go into the question whether the city does not hold more than the sum admitted by it to be due to the principal contractors, and enter a judgment ordering them to pay that sum to these claimants. This is an action in the nature of an interpleader brought by the city, admitting a certain sum to be in its hands, applicable to the claim of the principal contractors and asking directions as to its payment *185 to the different claimants. We think that questions of this kind must be settled in a different suit. Distribution of the fund may be made in conformity with this opinion.
Alex. F. Hume, for Smyers.
M. 0. Burns, for City of Hamilton.
John F. Neilcm, Millilcin, Shotts & Millikin, Aaron Wesco, for different creditors arid lienholders.